UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINEYARD VINES, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> PREPPY OUTLET, LLC ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 3:17-cv-1033 <br><br> JURY TRIAL DEMANDED <br><br> COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FALSE DESIGNATIONS OF ORIGINS AND UNFAIR COMPETITION; UNFAIR COMPETITION UNDER CT UNFAIR TRADE PRACTICES ACT; COMMON LAW TRADEMARK INFRINGEMENT; UNJUST ENRICHMENT |

## **COMPLAINT**

Plaintiff Vineyard Vines, LLC ("Vineyard Vines" or "Plaintiff") for its Complaint against Defendant Preppy Outlet, LLC ("Preppy" or "Defendant"), alleges as follows:

## **STATEMENT OF THE CASE**

1. This is an action for federal trademark infringement, unfair competition, and false designation of origin in violation of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq*.; common law trademark; and state unfair competition in violation of the Connecticut Unfair Trade Practices Act against Preppy for its improper and unauthorized commercial use and exploitation of Vineyard Vines' trademarks on or in connection with the offer for sale, sale, promotion, advertising, and distribution of its goods.

2. Vineyard Vines hereby seeks (1) injunctive relief against Preppy's continued unauthorized, improper and willful commercial use and exploitation of the Vineyard Vines'

trademarks, or any marks confusingly similar thereto; and (2) all damages arising from Preppy's past and present infringement, including all statutory damages, and Vineyard Vines' attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## PARTIES

3. Vineyard Vines is a Limited Liability Company, organized under the laws of Connecticut, having its principal place of business at 181 Harbor Drive, Stamford, CT 06902.

4. Upon information and belief, Preppy is a Limited Liability Company organized under the laws of Alabama, with a principal address at 11401 Maplecrest Dr. SE, Huntsville, AL, 35803.

5. Upon information and belief, Preppy is doing business through the website [www.preppyoutlet.com](www.preppyoutlet.com).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement and false designation of origin and unfair competition, which arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law claims.

7. Upon information and belief, this Court has jurisdiction over Preppy by virtue of its systematic and continuous contacts with Connecticut, or because Preppy has (1) transacted and done business in Connecticut, (2) solicited consumers in this District, (3) offered to sell or has sold goods in this District, (4) committed a tortious act within the state, (5) committed a tortious act outside the state causing injury within the state and (a) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (b) expects or reasonably

expects its tortious act to have consequences in the state and derives substantial revenue form interstate or international commerce, (6) has websites and social media accounts that are accessible in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the wrongful events giving rise to this action took place in this District and Vineyard Vines has suffered harm in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  Vineyard Vines' Well-Known Trademarks**

9. Vineyard Vines is a company and well-known American clothing apparel and accessories brand offering a wide variety of men's, women's and children's clothing, accessories, footwear, and goods for the home. Vineyard Vines clothing and accessories strive to emanate the brand's motto "EVERY DAY SHOULD FEEL THIS GOOD®" with its summer/Martha's Vineyard vibe and bright colors and pastels.

10. Since 1998, Vineyard Vines has extensively and continuously used its "VINEYARD VINES" word and design trademarks, as well as its Whale Design trademark in connection with the goods.

11. Vineyard Vines owns and operates over 95 Vineyard Vines retail store locations, throughout the U.S., including, but not limited to, in Birmingham, Alabama.

12. Vineyard Vines sells it's good through its official Vineyard Vines retail stores as well as through physical and online authorized retailers, including but not limited to, Saks Fifth Avenue, Nordstrom, and Bloomingdales.

13. Vineyard Vines authorized retailers contractually cannot sell their goods to any unauthorized, third party retailers, such as Preppy.

14. Vineyard Vines owns, operates, manages, and controls the website, www.vineyardvines.com, where its offers for sale and sells its goods.

15. Vineyard Vines also has a large social media presence on Facebook, Twitter, LinkedIn, Instagram, YouTube, and Pinterest where the Vineyard Vines Marks are widely used.

16. Vineyard Vines is the owner of the following U.S. federally registered trademarks, among many others:

| Trademark | Reg. No. | Reg. Date | Date of First Use | Goods |
|---|---|---|---|---|
| VINEYARD VINES | 2318245 | 2/15/00 | 6/20/98 | IC 25: clothing, namely bathing suits, jackets, pants, scarves, shorts, skirts, shirts, socks, sweaters, sweatshirts, sweatpants, ties, underwear, hats, caps and visors |
| VINEYARD VINES | 4592543 | 8/26/14 | 9/1/04 | IC 14: Jewelry, namely, bracelets, bangles, charms, necklaces, earrings, rings, cufflinks, key chains, pendants, watches, tuxedo studs<br>IC 18: Bags, namely, tote bags, hand bags, clutches and makeup bags<br>IC 24: Towels |
| VINEYARD VINES MARTHA'S VINEYARD | 2991523 | 9/6/05 | 6/20/98 | IC 25: Clothing, namely ties. |
| VINEYARD VINES BY SHEP & IAN | 2991522 | 9/6/05 | 02/01/04 | IC 25: Clothing, namely bathing suits, jackets, scarves, shorts, skirts, socks, sweaters, sweatshirts, sweatpants, ties, underwear, caps, hats, visors, shirts, and belts as clothing |
| VINEYARD VINES | 4781997 | 7/28/15 | 6/20/98 | IC 35: Retail store and online retail store services featuring clothing, towels, jewelry, beverageware, phone accessories and fashion accessories |
| (whale logo) | 4781996 | 7/28/15 | 2/1/04 | IC 35: Retail store and online retail store services featuring clothing, towels, jewelry, beverageware, phone accessories and fashion accessories |
| (whale logo) | 4088687 | 1/17/12 | 6/1/11 | IC 24: Bed sheets, table linens, namely, napkins, placemats, tablecloths, pillow shams, pillow covers, pillow cases, curtains, towels |
| (whale logo) | 3770964 | 4/6/10 | 12/8/06 | IC 14: Jewelry, namely, bracelets, bangles, charms, necklaces, earrings, rings, cufflinks, key chains, pendants, watches, tuxedo studs |
| (whale logo) | 3139685 | 9/5/06 | 9/1/04 (IC 18)<br>11/1/04 (IC 21) | IC 18: Tote bags, hand bags<br><br>IC 21: Dishes; cooking pots; cooking pans; cooking utensils, namely, spatulas, turners, |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | strainers, whisks, scrapers, forks, tongs and rolling pins; drinking glasses; pitchers |
|  | 2969692 | 7/18/05 | 2/1/04 | IC 25: Clothing, namely bathing suits, jackets, pants, scarves, shorts, skirts, socks, sweaters, sweatshirts, sweatpants, ties, underwear, caps, hats, visors, shirts, and belts |

(the goods and services listed in the registrations above are collectively the "Vineyard Vines Goods & Services.") These registrations are valid and subsisting and have all become incontestable according to 15 U.S.C. § 1065. *See* **Exhibit A**, true and correct copies of the Vineyard Vines trademark registrations, which are incorporated herein by reference.

17. Vineyard Vines has also built strong trademark rights and has achieved tremendous consumer goodwill and recognition in the following "VINEYARD VINES Design Marks" through its extensive and continuous use, since at least as early as July 1998 and February 2004 (respectively), on or in connection with the Vineyard Vines Goods & Services, on retail store signage, in advertisements, promotions and other marketing:





(these VINEYARD VINES Design Marks along with the federal trademark registrations listed in paragraph 16 are collectively the "Vineyard Vines Marks").

18. Vineyard Vines has extensively and continuously used, in U.S. commerce, the Vineyard Vines Marks since at least as early as June 1998 (for VINEYARD VINES) and February 2004 (for  ) in connection with the Vineyard Vines Goods & Services. Due to such extensive and continuous use, Vineyard Vines has developed tremendous consumer recognition of and goodwill in the Vineyard Vines Marks.

19. Vineyard Vines is responsible for maintaining control over the quality of its goods and services, including the Vineyard Vines Goods & Services.

20. Vineyard Vines has developed a reputation for high quality goods and services in the U.S.

21. Vineyard Vines has used the Vineyard Vines Marks in some instances for nearly 20 years on or in connection with the Vineyard Vines Goods & Services. As such, the Vineyard Vines Marks have become strong identifiers of the Vineyard Vines Goods & Services.

22. By virtue of the long use of the Vineyard Vines Marks, the high quality of the Vineyard Vines Goods & Services used in connection therewith, and the substantial marketing and publicity of the Vineyard Vines Marks, the Vineyard Vines Marks are very well-known and famous in the clothing industry, and have been well-known since long before the activities of Preppy complained of herein.

**B.     Preppy's Infringing Activities.**

23. Upon information and belief, Preppy is an online clothing retailer selling various "preppy" clothing brands that it claims to have purchased from "real stores" and through "various means."

24. Upon information and belief, Preppy owns, operates and manages the interactive website, www.preppyoutlet.com, where it promotes, advertises, distributes, offers for sale and sells its "preppy" goods. Preppy's website is publically accessible to consumers in Connecticut and those throughout the U.S.

25. Preppy offers for sale and sells Vineyard Vines brand clothing along with other brands it considers "preppy" such as Lilly Pulitzer, Southern Tide, Elizabeth McKay, Krass and Co., Jadelynn Brooke, Southern Marsh and Kate Spade.

26. Preppy also has a social media presence on Facebook, Pinterest and Twitter where it markets, promotes, advertises, and offers for sale and sells it goods.

27. Upon information and belief, Preppy obtains its goods from various retailers, some of which may be authorized Vineyard Vines retailers and contractually will be in breach of their contracts with Vineyards Vines for selling such goods to Preppy.

28. Long after Vineyard Vines' adoption and first use of the Vineyard Vines Marks in connection with the Vineyard Vines Goods & Services, Preppy began use of the Vineyard Vines Marks not only to merely advertise and promote that it sells Vineyard Vines apparel on its website, but it uses the Vineyard Vines Marks in a manner that portrays it is authorized by Vineyard Vines to sell the Vineyard Vines Goods & Services. In particular, Preppy Outlet uses the Vineyard Vines Design Marks displayed above in paragraph 17 to advertise, promote and market its website. *See* **Exhibit B**, screenshots from Preppy's website prominently displaying such unauthorized use of the Vineyard Vines Marks, which is incorporated herein by reference.

29. In January 2017, Vineyard Vines discovered that Preppy was using the Vineyard Vines Marks and the designs thereof in connection with its sale of goods on www.preppyoutlet.com.

30. On February 14, 2017, Vineyard Vines, through its attorneys, sent Preppy a letter placing it on notice of its federal and state rights and long term use and ownership of the Vineyard Vines Marks, as well as demanding that Preppy cease and desist from all use of the Vineyard Vines Marks in any infringing manner. Vineyard Vines also placed Preppy on notice that Vineyard Vines authorized retailers contractually cannot sell their Vineyard Vines goods to Preppy, without breaching their contract.

31. On February 27, 2017, Vineyard Vines received a reply from Preppy to its

February 14 letter where Preppy did not comply with any of Vineyard Vines demands and continued to prominently display the Vineyard Vines Marks without authorization on its website.

32. On March 20, 2017, Vineyard Vines, through its attorneys, sent a second letter to Preppy reiterating its demands, including that all Vineyard Vines Marks be removed from the Preppy website, and explaining why its use of the Vineyard Vines Marks is not fair use.

33. To date, Preppy continues to use and prominently display on its website, without authorization from Vineyard Vines, the Vineyard Vines Marks in connection with its goods.

34. Preppy is not now, nor has it ever been associated, affiliated, or connected with or endorsed or sanctioned by Vineyard Vines.

35. Vineyard Vines is not able to monitor, enforce or maintain its quality control standards on the goods Preppy offers for sale and is selling.

36. Preppy's use of the Vineyard Vines Marks in the manner described herein creates the wrongful impression that Preppy is authorized, sponsored or approved by Vineyard Vines even though it is not. This confusion causes irreparable harm to Vineyard Vines and the Vineyard Vines Marks.

37. Upon information and belief, Preppy had been unjustly enriched by the illegal use and misappropriation of the Vineyard Vines Marks for its own financial gain. Additionally, upon information and belief, Preppy has unfairly benefited and profited from Vineyard Vines' outstanding reputation for high quality goods, as well as its significant advertising and promotion of its goods and services and the Vineyard Vines Marks for almost twenty (20) years.

38. Upon information and belief, Preppy's acts are willful and deliberate. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

39. Upon information and belief, Preppy's acts will continue unless enjoined by this

Court.

40. Vineyard Vines has no adequate remedy at law.

## COUNT I
### Trademark Infringement Under
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

41. Vineyard Vines repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

42. The Vineyard Vines Marks and the goodwill of the business associated therewith in the U.S. are of great and significant value, and are highly distinctive of Vineyard Vines' Goods & Services.

43. Preppy's use of the Vineyard Vines Marks trades upon the goodwill associated with the marks.

44. Preppy's actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Preppy's goods, and are likely to deceive the public into believing that the goods offered and sold by Preppy are sponsored or authorized by Vineyard Vines, all to the damage and detriment of Vineyard Vines' reputation, goodwill, and sales.

45. Preppy's actions constitute trademark infringement of Vineyard Vines' federally-registered trademarks, the full extent of which is presently unknown but is substantial. This has caused damage to Vineyard Vines and the substantial business and goodwill symbolized by the Vineyard Vines Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Preppy's actions described above, including the unauthorized use of the Vineyard Vines Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Vineyard Vines, to the Vineyard Vines Marks, and to the business

and goodwill represented thereby, leaving Vineyard Vines with no adequate remedy at law.

## COUNT II
### Federal Trademark Infringement and Unfair Competition

47. Vineyard Vines repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

48. This claim is against Preppy for trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Upon information and belief, Preppy has used, is using, and intends to continue using now and in the future in commerce the Vineyard Vines Marks for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Preppy with Vineyard Vines.

50. Upon information and belief, Preppy's use of the Vineyard Vines Marks for the offer and provision of goods and services has likely caused and will continue to cause confusion of the relevant public and trade.

51. Preppy's use of the Vineyard Vines Marks trades upon the associated goodwill.

52. Vineyard Vines has been and will continue to be damaged by the confusion, mistake, and deception caused by Preppy's use of the Vineyard Vines Marks.

53. Any defect, objection to, or fault found with Preppy's goods and/or services sold or provided under the Vineyard Vines Marks would necessarily reflect on and seriously injure the reputation Vineyard Vines has established for its marks and business.

54. Vineyard Vines does not and has never consented to or authorized Preppy's adoption or commercial use of the Vineyard Vines Marks for the aforementioned goods. Preppy therefore has infringed and is infringing the Vineyard Vines Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. Upon information and belief, at all times relevant to this action, including when Preppy first started to use the Vineyard Vines Marks and commenced commercial use of the Vineyard Vines Marks on the aforementioned goods, Preppy knew of the prior adoption and widespread commercial use of the Vineyard Vines Marks, and Preppy knew of the valuable goodwill and reputation acquired by Vineyard Vines in connection with the Vineyard Vines Marks. Preppy's infringement of the Vineyard Vines Marks is therefore willful.

56. Upon information and belief, Preppy, even after being place on notice of Vineyard Vines's rights, continues to use the Vineyard Vines Marks in commerce. Preppy's infringement of the Vineyard Vines Marks is therefore willful.

57. Upon information and belief, Preppy's use of the Vineyard Vines Marks has caused confusion, mistake, and deception by purchasers as to the source of origin of Preppy's infringing goods. Because of the confusion as to the source caused by Preppy's unauthorized use of the Vineyard Vines Marks, Vineyard Vines' valuable goodwill developed at great expense and effort by Vineyard Vines is being irreparably harmed and is at risk of further damage.

58. Preppy's infringement will continue unless enjoined by the Court.

### COUNT III
### Common Law Trademark Infringement

59. Vineyard Vines repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

60. This claim is against Preppy for common law trademark infringement.

61. In addition to the federal registrations owned by Vineyard Vines, as set forth above, the Vineyard Vines Marks enjoy common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights which Preppy may claim.

62. Preppy's use of the Vineyard Vines Marks is unauthorized and intentionally

designed to mimic the Vineyard Vines Marks so as to cause confusion regarding Preppy's affiliation, association and/or sponsorship by Vineyard Vines and likely to cause confusion that Preppy's goods are approved by Vineyard Vines, all to the detriment of Vineyard Vines.

63. Preppy's infringement will continue unless enjoined by the Court.

## COUNT IV
## Trademark Infringement and Unfair Competition under Connecticut Law

64. Vineyard Vines repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65. Preppy's acts as described above constitute unfair competition in violation of Conn.Gen.Stat. § 42-110 (the Connecticut Unfair Trade Practices Act).

66. Preppy's use of the Vineyard Vines Marks is likely to and does permit Preppy to palm off its goods as those authorized or sponsored by Vineyard Vines, all to the detriment of Vineyard Vines and the unjust enrichment of Preppy. Preppy's use of the Vineyard Vines Marks, in manner only authorized for Vineyard Vines itself or its authorized retailers, further misrepresents to the consuming public that Preppy's goods are authorized or sponsored by Vineyard Vines and/or that it is associated and/or affiliated with Vineyard Vines.

67. Preppy's acts permit and accomplish confusion, mislead and deceive the public as to the source of Preppy's goods, permit and accomplish palming off of Preppy's goods as authorized by Vineyard Vines, and falsely suggests a connection with Vineyard Vines, thus constituting unfair competition with Vineyard Vines in violation of Connecticut law. These acts have caused and will continue to cause Vineyard Vines irreparable harm unless enjoined by this Court. Vineyard Vines has no adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Vineyard Vines prays for judgment as follows:

A.      That judgment be entered in favor of Vineyard Vines and against Preppy on each and every Count in this Complaint;

B.      For entry of an order and judgment enjoining Preppy, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons in active concert or participating with any of them, during the pendency of this action and permanently thereafter from:

   i.      advertising, marketing, promoting, selling, offering for sale or authorizing any third party to advertise, market, promote, sell and offer for sale any goods or services bearing the Vineyard Vines Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Vineyard Vines Marks;

   ii.     engaging in any activity that infringes Vineyard Vines' rights in the Vineyard Vines Marks;

   iii.    engaging in any activity that constitutes unfair competition with Vineyard Vines;

   iv.     using or authorizing any third party to use any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Preppy's goods or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Vineyard Vines;

   v.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that the products or services promoted, offered, or sponsored by Preppy are in any manner approved, endorsed, licensed, sponsored, authorized, or

franchised by or associated, affiliated, or otherwise connected with Vineyard Vines, or Vineyard Vines' products and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Preppy;

    vi.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Vineyard Vines Marks or any other mark that infringes or is likely to be confused with the Vineyard Vines Marks, or any goods or services of Vineyard Vines; and

    vii.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi);

    C.    Direct Preppy to file with the Court and serve on counsel for Vineyard Vines within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Preppy has complied with any injunction which the Court may enter in this action;

    D.    Direct Preppy to account to Vineyard Vines for Preppy's profits and order that Vineyard Vines recover its damages arising out of the acts of deception and infringement described above, and a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and (b) and other applicable law;

    E.    Award Vineyard Vines punitive damages on account of Preppy's gross, wanton, willful, and malicious conduct;

    F.    Direct Preppy to deliver up for destruction any and all circulars, price lists, labels,

brochures, business cards, signs, prints, packages, wrappers, pouches, advertising matter, promotional materials, and other materials in the possession or control of Preppy bearing the Vineyard Vines Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Vineyard Vines Marks, in accordance with 15 U.S.C. § 1118;

G. Award Vineyard Vines its reasonable attorney's fees along with the costs and disbursements incurred herein as a result of Preppy's intentional and willful infringement, pursuant to 15 U.S.C. § 1117, the CUTPA, and other applicable law, and restitution and/or disgorgement of all revenue, earnings, profits, compensation, and benefits that may have been obtained by Preppy as a result of its unlawful and/or fraudulent actions and practices;

H. Award Vineyard Vines such other and further relief as the Court deems just and proper or otherwise provided by law.

## JURY DEMAND

Vineyard Vines demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: June 22, 2017

*/s/ Stephen Ball*
Stephen F.W. Ball, Jr., ct28234
Christina L. Winsor
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@wihpgroup.com
cwinsor@whipgroup.com

ATTORNEYS FOR PLAINTIFF